No. 214

PAROTT v. STATE

Ohio Appeals, 6th Dist., Lucas Co.

No. 1609. Decided Dec. 14, 1925

Judge Houck of the 5th Dist., sitting.

63. ALIBI—Need not be proved beyond a reasonable doubt or by a preponderance of the evidence; but if jury entertains a reasonable doubt of defendant's presence at time and place of commission of crime charged, he should be given benefit of the doubt.

225. CHARGE TO JURY—As between an incorrect charge and correct charge, court will not presume that the jury followed the correct rule to the exclusion of the incorrect rule.

RICHARDS, J.

Percy Parrott was tried, convicted, and sentenced in the Lucas Common Pleas on a charge of assault with intent to commit rape. A petition in error was filed together with a bill of exceptions setting out the evidence and alleged errors were assigned to the Court of Appeals.

It was claimed by the State that the offense occurred in an automobile which was owned or used by Parrott; but he contended that it had been stolen that evening and was being used by someone other than himself and that he was not present at the time of the commission of the crime, his defense being that of an alibi. Parrott claimed he was, at the time in question, at a meeting of the Knights of Pythias in their lodge room.

It was further claimed that the trial court committed prejudicial error in its charge on the subject of alibi in that it charged that

"It is essential to the satisfactory proof of an alibi that it should cover the whole of the time of the act in question, or so much of it as to render it impossible that the defendant could have committed the act." The Court of Appeals held:

1. An alibi is not an affirmative defense which must be established by the defendant; but he is only required to introduce sufficient evidence so that the evidence on the subject of alibi, when taken in connection with all the other evidence in the case, will create a reasonable doubt of his guilt.

2. The charge that it was essential that the proof of the alibi should cover the whole of the time of the act, is not the law and should not have been given to the jury.

3. This rule of law, if applied by the jury, would prevent an acquittal unless the evidence on the subject was of such a character as to render it impossible that the defendant could have committed the act. It requires as high a degree of proof as if the words "Beyond a reasonable doubt" had been used.

4. The court further charged that the alibi need not be proved beyond a reasonable doubt or by a preponderance of the evidence, but if the jury entertained a reasonable doubt of Parrott's presence at the time and place of the commission of the crime charged, they should give him the benefit of the doubt.

5. This was a correct statement of the law but it would be impossible for the jury to ascertain which rule to apply, the first one given or the succeeding one; and a court will not presume that the jury followed the correct rule to the exclusion of the incorrect rule. State v. Hauser, 101 OS. 404.

Judgment of Common Pleas reversed.

Attorneys—Paul Ragan and Garrison & Phillips for Parrott; Roy R. Stuart, Harry G. Levy and John C. Cochrane for State; all of Toledo.